GONSOULIN et al. v. LAKE CHARLES STEVEDORES, Inc.

No. 1280.

Court of Appeal of Louisiana. First Circuit.

March 6, 1934.

Charles C. Jaubert, of Lake Charles, for appellants.

Clement M. Moss, of Lake Charles, for appellee.

ELLIOTT, Judge.

Mrs. Anna Gonsoulin, acting for herself and for her children, Leona, Albert, Harry, and Murphy Gonsoulin, all minors and all born of her marriage with Albert Gonsoulin, deceased, brought suit against Lake Charles Stevedores, Inc., to reopen the judgment heretofore rendered in this suit in the district court on July 13, 1931, and affirmed on appeal to this court by judgment rendered February 8, 1932; and to have her right recognized to a greater compensation than had been allowed in the decision of the case.

The defendant appeared and excepted to her petition on the grounds that it set forth no right or cause of action, and that the judgment, which she sought to have reopened, was res adjudicata. The lower court sustained both exceptions and dismissed the suit. The plaintiff has appealed.

The record shows that the plaintiff, Mrs. Gonsoulin, for herself and minor children above named, filed a suit against the defendant in the district court, parish of Calcasieu, on May 29, 1931, claiming compensation on account of the death of her husband.

The only issue in the case was whether the compensation to which she was entitled was to be computed on an average weekly or on an average daily basis. The issue called for an interpretation and application to the facts of the case of Act No. 20 of 1914, § 8 (amended by Act No. 242 of 1928). The lower court fixed her compensation at 65 per centum of an average weekly wage of $15.83½ for a period of 300 weeks, and on appeal to this court the judgment was affirmed.

The plaintiff now alleges in this supplementary proceeding: "Your petitioner alleges that this judgment was rendered through an erroneous interpretation of the Workmen's Compensation Law, Act No. 20 of 1914, as amended to date, and as correctly interpreted by the Supreme Court of the State of Louisiana, and accordingly, your petitioner asks that this judgment be reviewed and correctly interpreted as based on the Workmen's Compensation Law, whereby the allowance for compensation will be raised from Ten & 29/100 ($10.29) Dollars to the maximum allowance of Twenty ($20.00) Dollars."

Plaintiff grounds her present demand on section 20 (amended by Act No. 85 of 1926) of the above-mentioned act, which provides: "Section 20. That a judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a Judge of a Court which rendered the judgment sought to be modified, at any time after six months after said judgment of compensation shall have been rendered by the Judge of the trial Court it shall be reviewed by a Judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation. In such cases the provisions of paragraph 1 and 3 of Section 9 and Section 10 with reference to medical examination shall apply."

It is not claimed in her petition that the judgment sought to be reopened was obtained through fraud or misrepresentation, but it is said to be based on error, the error not being one of fact, but judicial error, that is, error on the part of the court in the interpretation and application of the law concerning the rate of pay. The statute has in mind error of fact entering into the judgment.

The plaintiff contends that the decision of this court heretofore rendered is contrary to the decision of the Supreme Court in Rylander v. T. Smith & Sons, Inc., 177 La. 716, 149 So. 434. The Supreme Court held, in the Rylander Case, that the rate of pay under the law should be computed according to

66

an average daily rate instead of weekly rate; and that the opinion and decree of this court in this case was, as to the rate of pay, erroneous.

As it appears on the face of the petition that the error complained of is not one of fact, but judicial error of this court, the only way it could have been corrected was by a timely application to the Supreme Court for a writ of review under article 7, § 11, of the Constitution. We cannot, ourselves, at this time, make our decision conform to the decision of the Supreme Court in the case mentioned, and as the very question, now urged by the plaintiff, was considered and acted on by the lower court and by this court in the decision heretofore rendered between the same parties in the same quality, the authority of the thing adjudged has taken place. Civ. Code, art. 2286.

The petition discloses no right to the relief prayed for. The exceptions of no cause or right of action and of res adjudicata were both properly sustained.

Judgment affirmed.